**LARRY F. SMITH, INC., Appellant,**

v.

**THE WEBER CO., INC., Appellee.**

**No. 05-01-01889-CV.**

Court of Appeals of Texas,
Dallas.

June 20, 2003.

Rehearing Overruled Aug. 11, 2003.

---

Eric Arthur Liepins, Eric A. Liepins, P.C., and Anthony A. Petrocchi, Weil & Petrocchi, P.C., Dallas, for Appellant.

Susan Barilich, Godwin Gruber P.C., Dallas, for Appellee.

Before Justices MORRIS, JAMES, and FITZGERALD.

**OPINION**

Opinion by Justice MORRIS.

In this appeal, Larry F. Smith, Inc. contends the trial court reversibly erred by, among other things, failing to make findings of fact and conclusions of law. After reviewing the record, we conclude the trial court's failure to make findings was error and harmed Smith. We further conclude that because the trial judge who heard the case is no longer a sitting judge, and neither he nor the judge who succeeded him on the bench is authorized now to make findings and conclusions in this case, we must reverse the judgment and remand the case to the trial court for further proceedings.

I.

Larry F. Smith, Inc. filed a suit on sworn account against the Weber Company alleging that Weber had failed and refused to pay invoices arising from five different building projects. Weber specially denied the claims and asserted numerous affirmative defenses. Weber's affirmative defenses included limitations, offset, setoff, release, contributory negligence, comparative negligence, poor workmanship, fraud in the inducement, waiver, estoppel, payment, and novation. Weber also brought counterclaims against Smith for defective work, breach of warranty, abandonment of performance, breach of contract, tortious interference with business relations, and a declaratory judgment invalidating a mechanic's lien against one of Weber's properties. The case was tried to the court without a jury on January 23, 2001. After hearing the evidence, the trial court ruled that Smith take nothing by its claims and declared the mechanic's lien filed by Smith void. The court further ruled that Weber take nothing by its counterclaims other than its request for a declaratory judgment, which was granted. Finally, the court awarded Weber attorney's fees with interest. The trial court signed its final judgment on August 31, 2001.

Smith timely requested findings of fact and conclusions of law from the trial court. When the court failed to make findings and conclusions, Smith timely filed its notice of past due findings of fact and conclusions of law. The trial court never responded to the request. Smith appealed arguing several points of error, including two that specifically complain about the trial court's failure to make the requested findings.

II.

Smith's first two points of error are dispositive of this appeal. In these points

of error, Smith contends the trial court committed reversible error by failing to make findings of fact and conclusions of law as timely requested. Weber responds that Smith has suffered no harm as a result of the trial court's failure to make findings and conclusions or, if it has, the proper remedy for such harm is abatement of the proceedings rather than reversal. Based on the facts of this case, we disagree with Weber on both counts.

■ Texas Rule of Civil Procedure 296 provides a party with the procedural right to request from the trial court written findings of fact and conclusions of law. *See* Tex.R. Civ. P. 296. By virtue of rule 297, the trial court's duty to make such findings and conclusions is mandatory when a party makes a timely request. *See* Tex.R. Civ. P. 297; *see also Cherne Indus., Inc. v. Magallanes,* 763 S.W.2d 768, 772 (Tex.1989). It is undisputed that the trial court in this case failed to make findings of fact and conclusions of law after being timely requested to do so. A trial court's failure to respond to a timely request is error and is presumed harmful unless the record before the appellate court affirmatively shows that the complaining party has suffered no harm. *Cherne Indus.,* 763 S.W.2d at 772.

■ The general rule is that an appellant has been harmed if, under the circumstances of the case, he has to guess at the reason the trial court ruled against him. *See Sheldon Pollack Corp. v. Pioneer Concrete,* 765 S.W.2d 843, 845 (Tex.App.-Dallas 1989, writ denied). If there is only a single ground of recovery or a single defense, an appellant does not usually have to guess at the reasons for the trial court's judgment. When there are two or more possible grounds of recovery or defense, as

in this case, an appellant is forced to guess what the trial court found unless the trial court's findings are provided to him. *Cf. id.* Forcing the appellant to guess at the trial court's reasons for rendering judgment defeats the inherent purpose of both rule 296 and rule 297. The purpose of requesting the trial court to make written findings of fact and conclusions of law is to "narrow the bases of the judgment to only a portion of [the multiple] claims and defenses, thereby reducing the number of contentions that the appellant must raise on appeal." 6 McDonald & Carlson, Texas Civil Practice 2d § 18:3 (1998). Absent a narrowing of the bases for the trial court's judgment, an appellant is forced to broaden his appeal to attack all possible findings the trial court conceivably could have made.

■ Here, Weber argues Smith does not have to guess the reasons behind the trial court's judgment because the judge pronounced several of his rulings during trial and verbally stated the reasons behind them. Specifically, the judge pronounced his rulings on Smith's sworn account claims arising out of four of the building projects and took the sworn account claims arising out of the fifth project under advisement.[1] The court eventually signed a final judgment on all the claims. The judgment does not specify the basis for any of the rulings, nor does it refer to the pronouncements or verbal statements made at trial.

■ Several of our sister courts have held that when a trial court orally announces its ruling in open court and gives the reasons behind it, the appellant is not harmed by the court's failure to make findings of fact and conclusions of law. *See Sagemont Plaza Shopping ex rel.*

---

1. We note that, in addition to making no oral rulings on the fifth project, the judge made no pronouncements regarding the attorney's fees issue.

*O'Connor & Assocs., Inc. v. Harris County Appraisal Dist.*, 30 S.W.3d 425, 427 (Tex. App.-Corpus Christi 2000, pet. denied); *Tex. Workers' Comp. Ins. Fund v. Ashy*, 972 S.W.2d 208, 212 (Tex.App.-Beaumont 1998, pet. denied); *Elizondo v. Gomez*, 957 S.W.2d 862, 865 (Tex.App.-San Antonio 1997, pet. denied); *Eye Site, Inc. v. Blackburn*, 750 S.W.2d 274, 277 (Tex.App.-Houston [14th Dist.] 1988) *rev'd on other grounds*, 796 S.W.2d 160 (Tex.1990). According to these courts, if the trial court makes oral pronouncements, the appellant no longer has to "guess the reason or reasons the trial court ruled against it." *See Sagemont*, 30 S.W.3d at 427. Apparently, these courts reason that the ability of the appellant to make his case on appeal is not affected by the lack of written findings because the appellant can simply direct his arguments toward the oral pronouncements. This reasoning, however, flies in the face of two long-standing rules. The first rule dictates that oral statements made by the trial court cannot substitute for findings of fact and conclusions of law. *See In re W.E.R.*, 669 S.W.2d 716, 716 (Tex.1984). The second rule provides that in the absence of written findings and conclusions, the trial court's judgment implies all necessary fact findings in support of the judgment. *See Renfro Drug Co. v. Lewis*, 235 S.W.2d 609, 613, 149 Tex. 507 (Tex. 1950).

■ When there are no written findings and conclusions filed by the trial court, an appellate court may uphold a judgment on any legal theory that finds support in the evidence. *See Rush v. Barrios*, 56 S.W.3d 88, 96 (Tex.App.-Houston [14th Dist.] 2001, pet. denied). Statements made by a trial court outside of properly filed written findings and conclusions do not limit an appellate court's review. *See Southwestern Newspapers Corp. v. Curtis*, 584 S.W.2d 362, 366 (Tex.Civ.App.-Amarillo 1979, no writ) (oral statements made by judge at time judgment was rendered do not limit grounds upon which judgment may be upheld); *Ramirez v. Milton Provision Co.*, 231 S.W.2d 547, 548 (Tex.Civ. App.-San Antonio 1950, no writ) (written opinion in transcript does not affect presumption that all facts necessary to support judgment were found). Accordingly, despite the oral findings made by the trial court in this case, the absence of written findings and conclusions would permit us to affirm the trial court's judgment on any legal theory supported by the evidence. To confront the scope of our permissible review, Smith would have to broaden his appeal to challenge all possible grounds supporting the judgment. Smith therefore suffers the same degree of harm because of the trial court's failure to make findings and conclusions as if the judge had made no oral pronouncements at all. *See FDIC v. Morris*, 782 S.W.2d 521, 524 (Tex.App.-Dallas 1989, no writ) (recitations in judgment do not meet requirements for findings and conclusions and do not alleviate harm).

As stated above, the advantage accruing to the appellant by requesting findings of fact and conclusions of law is the ability to limit the issues on appeal. *See McDonald*, § 18:3. Because oral findings do not limit the issues on appeal, we disagree with our sister courts to the extent they have held that oral pronouncements alone may eliminate the harm suffered by the appellant when the trial court fails to make properly requested findings of fact and conclusions of law. In this case, Smith timely requested findings and conclusions after a trial in which numerous claims and defenses were presented. The trial court failed to respond to the request as required by rule 297. The trial court's error harmed Smith because, absent findings, Smith is forced to attack all the possible grounds supporting the judgment instead of the grounds

actually found by the court. Because the trial court's oral pronouncements cannot substitute for findings of fact and conclusions of law, we sustain Smith's first and second points of error.

Having sustained Smith's first two points of error, we must now decide the proper disposition of the appeal: abatement or reversal and remand. Smith requests that we abate the case and allow the trial court to make its findings and conclusions. Indeed, that is the preferred remedy for the harm incurred. *See Brooks v. Hous. Auth. of El Paso*, 926 S.W.2d 316, 319–20 (Tex.App.-El Paso 1996, no writ). But in this case, that remedy is not available because the judge who tried the case has been replaced as the result of an election.

There are rules and statutes addressing the continuation of the court's business after a judge has been replaced. For example, rule 18 of the Texas Rules of Civil Procedure allows a successor judge to make findings of fact and conclusions of law when the preceding judge has died, resigned, or become disabled during his term of office. *See* TEX.R. CIV. P. 18; *see also Lykes Bros. S.S. Co., Inc. v. Benben*, 601 S.W.2d 418, 420 (Tex.Civ.App.-Houston [14th Dist.] 1980, writ ref'd n.r.e.). Section 30.002 of the Texas Civil Practice and Remedies Code addresses the power of a former judge or a successor judge to approve statements of facts and bills of exceptions as well as to file findings of fact and conclusions of law. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 30.002 (Vernon 1997).

But section 30.002 applies only when a judge dies or his term of office expires before either the end of the court term during which the case was tried or during the period prescribed for filing a statement of facts and bill of exceptions or findings of fact and conclusions of law in the case. None of the circumstances required for rule 18 or section 30.002 to apply are presented here.

The judge who tried this case did not die, resign, or become disabled during his term on the bench. Furthermore, the trial court judge's term of office did not expire until almost two years after the end of the court term during which the case was tried and more than a year after the period for filing findings of fact and conclusions of law ended.[2] Accordingly, there is no provision allowing either that judge or his successor to make findings of fact or conclusions of law based on the trial that was conducted. We have no choice but to reverse the judgment in this case and remand the cause for further proceedings.

2. The terms of County Court at Law No. 3 begin on the first Mondays of January, March, May, July, September, and November. *See* TEX. GOV'T CODE ANN. § 25.0592(b) (Vernon Supp.2003). This case was tried on January 23, 2001, and therefore the court term during which the case was tried ended on the first Monday in March, 2001. Smith requested findings of fact and conclusions of law on September 14, 2001 and filed its notice of past due findings of fact and conclusions of law on October 10, 2001. Thus, the period during which the findings of fact and conclusions of law were to be filed ended no later than October 24, 2001. The trial court judge's term of office expired on December 31, 2002. *See id.* § 601.003 (Vernon 1994).