COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



LIBERTY MUTUAL FIRE INSURANCE,


 Appellant,


v.



ARMANDO G. LACA,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00036-CV
 


Appeal from the


120th District Court 


of El Paso County, Texas 


(TC# 2004-107) 



O P I N I O N


 Appellant, Liberty Mutual Fire Insurance, appeals the district court's judgment in favor of 
workers' compensation claimant, Appellee, Armando Laca. Because the trial court's failure to file
findings of fact and conclusions of law, despite a timely request and reminder was harmful error, and
the judge presiding in the case has been replaced as the result of an election, we will reverse the trial
court's judgment and remand the case for a new trial.

FACTUAL AND PROCEDURAL BACKGROUND

 Laca injured his right shoulder on April 17, 2003, while he was employed by Vertex
Aerospace, L.L.C. ("Vertex"). Laca was injured while he was helping a coworker tighten a nut on
a five-ton truck wheel. Laca injured the shoulder when he attempted to catch the wrench he was
using, after it slipped out of place. Laca continued to work for two months after the accident. He
testified that, although he immediately felt pain in his shoulder, he believed that he had merely pulled
a muscle in his arm when he caught the wrench. Laca did not seek medical attention for his injury
until June 20, 2003. An MRI of Laca's shoulder, taken June 26, 2003, showed rotator cuff damage. 
Laca's physician recommended surgery to repair the damage. Laca reported the injury to his
employer on June 30, 2003. Laca did not return to work pending recommended surgery.

 Laca filed a workers' compensation claim against Vertex, and the parties attended a contested
case hearing on October 22, 2003. The hearing officer found that Laca failed to prove that he had
sustained a compensable injury in the course and scope of his employment on April 17 and that
Liberty Mutual, Vertex's insurance provider, was relieved of liability under Tex. Lab. Code Ann.
§ 409.002, because Laca failed to notify his employer of his injury within thirty days of the incident. 
The Texas Workers' Compensation Appeals Panel affirmed the hearing officer's findings. Laca then
sought judicial review of the Appeals Panel decision. See Tex. Lab. Code Ann. § 410.252.

 In its final judgment, entered November 15, 2005, the trial court reversed the Appeals Panel
decision and determined that: (1) Laca proved by a preponderance of the evidence that he sustained
a compensable injury on April 17, 2003; (2) Liberty Mutual is not relieved of liability under Texas
Labor Code section 409.002, because of Laca's failure to timely notify his employer within thirty
days of the injury, pursuant to Texas Labor Code section 409.001; and (3) Laca proved by a
preponderance of the evidence that he had a disability resulting from the April 17 injury. The trial
court did not state the extent or duration of Laca's disability, nor did the judgment specify the basis
for excusing his failure to report the injury to his employer within thirty days, under Tex. Lab. Code
Ann. § 409.002.

 Following the district court's decision, Liberty Mutual timely requested findings of fact and
conclusions of law, pursuant to Texas Rule of Civil Procedure 296. When the trial court failed to
respond, Liberty Mutual notified the trial court that the findings were past due. See Tex. R. Civ. P.
297. The trial court did not respond to the notice that the findings were past due. Liberty Mutual
now appeals the trial court's judgment, raising four issues for review.

 In Issue One, Liberty Mutual contends that the trial court committed reversible error by
failing to make the requested findings of fact and conclusions of law. Because we find this issue
determinative of the appeal, we will not address Liberty Mutual's remaining issues.

DISCUSSION

 The Texas Rules of Civil Procedure provide a party with the procedural right to request that,
following a bench trial, the trial court prepare written findings of fact and conclusions of law. See
Tex. R. Civ. P. 296. The trial court's duty to make such findings, in response to a timely request,
is mandatory. See Tex. R. Civ. P. 297; see also Cherne Indus., Inc. v. Magallanes, 763 S.W.2d 768,
772 (Tex. 1989). A trial court's failure to respond to a timely request is presumed to be harmful
error, unless the appellate record affirmatively shows that the complaining party has suffered no
harm. Id.

 The general rule is that an appellant has been harmed if, under the circumstances of the case,
he is forced to guess the reason(s) why the trial court ruled against him. Larry F. Smith, Inc. v.
Weber Co., 110 S.W.3d 611, 614 (Tex. App.--Dallas 2003, pet. denied). If there is only a single
ground of recovery or a single defense in the case, the record would show that the appellant has
suffered no harm, because he is not forced to guess the reasons for the trial court's judgment. Id.;
Nevada Gold & Silver, Inc. v. Andrews Indep. Sch. Dist., 225 S.W.3d 68, 77 (Tex. App.--El Paso
2005, no pet.). On the other hand, when there are multiple grounds for recovery or multiple
defenses, an appellant is forced to guess what the trial court's findings were, unless they are provided
to him. Larry F. Smith, 110 S.W.3d at 614; Nevada Gold & Silver, 225 S.W.3d at 77. Putting the
appellant in the position of having to guess the trial court's reasons for rendering judgment against
him defeats the inherent purpose of Rules 296 and 297. Larry F. Smith, 110 S.W.3d at 614. The
purpose of a request under the rules is to "narrow the bases of the judgment to only a portion of [the
multiple] claims and defenses, thereby reducing the number of contentions that the appellant must
raise on appeal." Id. (citing 6 McDonald & Carlson, Texas Civil Practice § 18:3 (2d ed.
1998)).

 To succeed in the district court, Laca had the burden of proving by a preponderance of the
evidence that he suffered a compensable injury and was disabled as a result of the injury. See Tex. 
Lab. Code Ann. § 410.302(b) (an appeal to the district court is limited to the issues decided by the
appeals panel); see also Tex. Lab. Code Ann. § 410.303 (the party appealing an issue to the district
court has the burden of proof by a preponderance of the evidence). The Labor Code defines
"compensable injury" as "an injury that arises out of and in the course and scope of employment for
which compensation is payable . . . ." Tex. Lab. Code Ann. § 401.011(10). A "disability" is "the
inability because of a compensable injury to obtain and retain employment at wages equivalent to
the preinjury wage." Tex. Lab. Code Ann. § 401.011(16).

 Laca also contested the Appeals Panel decision that he did not prove that there was good
cause for his failure to report the injury to his employer within thirty days. As noted above, the
Labor Code requires an injured employee to notify his employer of the injury within thirty days of
the date on which the injury occurred. Tex. Lab. Code Ann. § 409.001(a)(1). An employee's
failure to notify his employer within thirty days will relieve the employer and the employer's
insurance carrier of liability, unless the employee can show that (1) the employer had actual
knowledge of the injury, (2) there was good cause for the employee's failure to provide notice, or
(3) the employer or the employer's insurance carrier does not contest the claim. Tex. Lab. Code
Ann. § 409.002.

 During the bench trial, Laca defended his failure to provide Vertex timely notice by testifying
that he believed he had merely pulled a muscle in his arm or was suffering from arthritis and that he
did not realize the injury was serious until after the MRI. Laca also testified that several of his
coworkers knew about the incident and the fact that he was having trouble with his shoulder during
the weeks in which he continued to work after the accident.

 Without findings of fact and conclusions of law, Liberty Mutual is forced to guess at the
underlying basis for the trial court's judgment. The trial court could have determined that Laca had
good cause not to report the injury, or that Vertex had notice of the accident through other
employees, or both. In addition, without a finding as to the severity of Laca's disability and how
long it continued, there is no way for Liberty Mutual to determine how much Laca's claim is worth
or how much it would be obligated to pay, if it chose not to appeal the trial court's order.

 We agree with our sister Court of Appeals in Dallas that, if we were to review the trial court's
judgment without the benefit of findings of fact and conclusions of law, we would be forced to apply
the standard of review used in cases where a party does not make a Rule 296 request. See Larry F.
Smith, 110 S.W.3d at 615. As that case explained, "the absence of written findings and conclusions
would permit us to affirm the trial court's judgment on any legal theory supported by the evidence. 
To confront the scope of our permissible review, [the appellant] would have to broaden his appeal
to challenge all possible grounds supporting the judgment." Id. We do not believe that it would be
appropriate, or in accordance with the objectives of Rules 296 and 297, to hold a party which has
made a timely request for the basis(es) of the trial court's judgment to the same standard of review
as if the party had not done so. Requiring an appellant to undertake a broad attack on all potential
bases for the trial court's judgment, in addition to challenging the trial court's failure to file findings
of fact and conclusions of law, would require that appellant to expend resources on briefing issues
which may be rendered meaningless after the trial court's findings become available. (1) See
McLaughlin, Inc. v. Northstar Drilling Techs., Inc., No. 04-02-00511-CV, 2003 WL 21696635, at
*2 (Tex. App.--San Antonio July 23, 2003, no pet.) (mem. op., not designated for publication). 
Since there were multiple grounds upon which the trial court might have based its decision, the
record does not affirmatively show that Appellant was not harmed by that court's failure to respond
to its timely request for findings of fact and conclusions of law. Issue One is therefore sustained.

 Having determined the trial court committed reversible error, we must now determine the
appropriate disposition of the case. The preferable remedy in this type of situation is for the
appellate court to abate the appeal and remand the case to the trial court for entry of findings of fact
and conclusions of law. See Brooks v. Housing Auth. of City of El Paso, 926 S.W.2d 316, 321 (Tex.
App.--El Paso 1996, no writ). In this case, however, that remedy is not available. Because the judge
who handled the case has been replaced as the result of an election, we must reverse and remand the
case for a new trial. Cf. Cherne Indus., 763 S.W.2d at 773 (trial court's failure to provide findings
of fact and conclusions of law was remediable, because "the trial judge continues to serve on the
district court"); see also Brooks, 926 S.W.2d at 321 (new trial is the proper remedy when the trial
court cannot forward findings to the court of appeals due to loss of record, problems with memory,
passage or time, or "other inescapable difficulties").

 The Rules of Civil Procedure and the Civil Practice and Remedies Code allow a successor
judge to make findings of fact in certain listed situations, to wit, when the preceding judge has died,
resigned, or become disabled during his term of office. See Tex. R. Civ. P. 18; Tex. Civ. Prac. &
Rem. Code Ann. § 30.002. However, there is no provision for the instant situation, where the trial
judge has been replaced as the result of an election. See Larry F. Smith, 110 S.W.3d at 611.

 Accordingly, having sustained Appellant's Issue One, we reverse the trial court's judgment
and remand the case for a new trial.


 KENNETH R. CARR, Justice


December 6, 2007


Before Chew, C.J., McClure, and Carr, JJ.

1. Such a requirement may likewise require the appellate court to spend unnecessary time reviewing one or more
issues which, but for the trial court's failure, would not be before it.