NO. 07-11-0139-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 5, 2011

_____


HARVEY BRAMLETT, JR. AND
JASON BLAKENEY, APPELLANTS

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
INSTITUTIONAL DIVISION, ET AL., APPELLEES

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 99,017-00-E; HONORABLE DOUGLAS WOODBURN, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Appellants, Harvey Bramlett, Jr. and Jason Blakeney, inmates proceeding *pro se*
and *in forma pauperis*, appeal the trial court's judgment dismissing their suit against
Appellee, the Texas Department of Criminal Justice Institutional Division, et al., as
frivolous and for failure to comply with chapter 14 of the Texas Civil and Practice
Remedies Code. The appellate record has been filed. On July 25, 2011, Appellants

filed a motion for extension of time in which to file their brief on the ground that, despite their requests, the trial court has failed to file Findings of Fact and Conclusions of Law. An extension has been granted to October 24, 2011. In the interest of judicial economy, we abate this appeal and remand the cause to the trial court with instructions to make and file Findings of Fact and Conclusions of Law.[1]

Rule 296 of the Texas Rules of Civil Procedure provides that in any case tried in the district court without a jury, any party may request written findings of fact and conclusions of law within twenty days after the judgment is signed. The judgment in the underlying case was signed on March 14, 2011. Nine days later, on March 23, 2011, Appellants filed a "Request for Findings of Fact and Conclusions of Law." Rule 297 provides that the trial court shall file its findings and conclusions within twenty days after a timely request is filed. The trial court's findings and conclusions were due on April 12, 2011. None were filed. Thereafter, Appellants, pursuant to Rule 297, filed a "Notice of Past Due Findings of Fact and Conclusions of Law."[2] The deadline for the trial court to file its findings and conclusions was extended to forty days from the date the original request was due, i.e., May 2, 2011. The Clerk's Record, filed July 12, 2011, does not contain any findings or conclusions.

---

[1]As long as the same judge presides in the trial court, abatement is the preferred remedy. *See Larry F. Smith*, *Inc. v. The Weber Co.*, 110 S.W.3d 611, 616 (Tex.App.--Dallas 2003, pet. denied). Another option is reversal and remand. *See id.*

[2]Rule 297 provides that a notice of past due findings be filed within thirty days after the original request. In this case, that deadline was April 22, 2011. Although Appellants' past due notice bears a file stamp date of April 27, 2011, the Certificate of Service reflects the date of April 21, 2011. Pursuant to *Warner v. Glass*, 135 S.W.3d 681, 685-86 (Tex. 2004), inmate mail is deemed timely filed when it is delivered to prison authorities for mailing. We will assume Appellants delivered the past due notice for mailing on April 21, 2011.

Upon compliance by a party with Rules 296 and 297, the trial court is required to make and file findings of fact and conclusions of law. *See Cherne Industries*, *Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989). The failure of a trial court to respond to all timely requests is presumed harmful unless the record shows that an appellant has suffered no injury. *Id.* As a general rule, an appellant has been harmed if he has to guess at the reason the trial court ruled against him. *See Larry F. Smith*, *Inc. v. The Weber Co.*, 110 S.W.3d 611, 614 (Tex.App.--Dallas 2003, pet. denied).

We now abate this appeal and remand the cause to the trial court with instructions to make and file findings of fact and conclusions of law in support of its judgment.[3] The trial court is directed to cause its findings and conclusions to be included in a supplemental clerk's record to be filed with the Clerk of this Court no later than September 23, 2011. Appellants' brief is due no later than October 24, 2011.

It is so ordered.

Per Curiam

---

[3]This Court's resolution allows us to moot the mandamus proceeding pending in cause number 07-11-0300-CV, in which Appellants seek mandamus relief asking this Court to compel the Honorable Douglas Woodburn to make and file findings and conclusions.