NO. 07-11-0139-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

AUGUST 5, 2011

 

______________________________

 

 

HARVEY BRAMLETT, JR. AND 

JASON BLAKENEY, APPELLANTS

 

V.

 

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

INSTITUTIONAL DIVISION, ET AL., APPELLEES

 

 

_________________________________

 

FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 99,017-00-E; HONORABLE DOUGLAS WOODBURN, JUDGE

 

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

ABATEMENT AND REMAND

            Appellants, Harvey Bramlett, Jr. and Jason Blakeney,
inmates proceeding pro se and in forma pauperis, appeal the trial
court's judgment dismissing their suit against Appellee, the Texas Department
of Criminal Justice Institutional Division, et al., as frivolous and for
failure to comply with chapter 14 of the Texas Civil and Practice Remedies
Code.  The appellate record has been
filed.  On July 25, 2011, Appellants
filed a motion for extension of time in which to file their brief on the ground
that, despite their requests, the trial court has failed to file Findings of
Fact and Conclusions of Law.  An
extension has been granted to October 24, 2011. 
In the interest of judicial economy, we abate this appeal and remand the
cause to the trial court with instructions to make and file Findings of Fact
and Conclusions of Law.[1]

            Rule 296 of the Texas
Rules of Civil Procedure provides that in any case tried in the district court
without a jury, any party may request written findings of fact and conclusions
of law within twenty days after the judgment is signed.  The judgment in the underlying case was
signed on March 14, 2011.  Nine days
later, on March 23, 2011, Appellants filed a "Request for Findings of Fact
and Conclusions of Law."  Rule 297
provides that the trial court shall file its findings and conclusions within
twenty days after a timely request is filed. 
The trial court's findings and conclusions were due on April 12, 2011.  None were filed.  Thereafter, Appellants, pursuant to Rule 297,
filed a "Notice of Past Due Findings of Fact and Conclusions of Law."[2]  The deadline for the trial court to file its
findings and conclusions was extended to forty days from the date the original
request was due, i.e., May 2, 2011.  The
Clerk's Record, filed July 12, 2011, does not contain any findings or
conclusions.

            Upon compliance by a
party with Rules 296 and 297, the trial court is required to make and file
findings of fact and conclusions of law. 
See Cherne Industries, Inc.
v. Magallanes, 763 S.W.2d 768, 772 (Tex. 1989).  The failure of a trial court to respond to
all timely requests is presumed harmful unless the record shows that an
appellant has suffered no injury.  Id.  As
a general rule, an appellant has been harmed if he has to guess at the reason
the trial court ruled against him.  See Larry F. Smith, Inc. v. The Weber Co.,
110 S.W.3d 611, 614 (Tex.App.--Dallas 2003, pet. denied).

We now abate this appeal and remand the cause to the trial
court with instructions to make and file findings of fact and conclusions of
law in support of its judgment.[3]  The trial court is directed to cause its
findings and conclusions to be included in a supplemental clerk's record to be
filed with the Clerk of this Court no later than September 23, 2011.  Appellants' brief is due no later than
October 24, 2011.

It is so ordered.

                                                                        Per
Curiam

 

 

 

 

 

                                                                                    

 

 











[1]As
long as the same judge presides in the trial court, abatement is the preferred
remedy.  See Larry F. Smith, Inc. v. The Weber Co., 110 S.W.3d 611, 616
(Tex.App.--Dallas 2003, pet. denied).  Another option is reversal and remand.  See id.

 





[2]Rule
297 provides that a notice of past due findings be filed within thirty days
after the original request.  In this
case, that deadline was April 22, 2011. 
Although Appellants' past due notice bears a file stamp date of April
27, 2011, the Certificate of Service reflects the date of April 21, 2011.  Pursuant to Warner v. Glass, 135 S.W.3d 681, 685-86 (Tex. 2004), inmate mail is
deemed timely filed when it is delivered to prison authorities for
mailing.  We will assume Appellants delivered
the past due notice for mailing on April 21, 2011.   





[3]This
Court's resolution allows us to moot the mandamus proceeding pending in cause
number 07-11-0300-CV, in which Appellants seek mandamus relief asking this
Court to compel the Honorable Douglas Woodburn to make and file findings and
conclusions.