NO. 07-10-0087-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 18, 2011

_____

IN THE INTEREST OF N.C. AND J.C., CHILDREN

_____

FROM COUNTY COURT AT LAW NO. 2 OF RANDALL COUNTY;

NO. 6537; HONORABLE RONNIE WALKER, JUDGE[1]

_____

Before CAMPBELL and PIRTLE, JJ., and BOYD, S.J.[2]

**MEMORANDUM OPINION**

Appellant, Adam,[3] appeals the trial court's order terminating his parental rights to

his children, N.C. and J.C. He asserts the trial court committed reversible error in what

he categorizes as a failure to make and file findings of fact and conclusions of law. We

affirm.

---

[1]Hon. Abe Lopez, (Ret.) sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(3) (West 2005).

[2]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (West 2005).

[3]To protect the parents' and children's privacy, we refer to Appellant by his first name and other interested parties by their initials. *See* Tex. Fam. Code Ann. § 109.002(d) (West 2008). *See also* Tex. R. App. P. 9.8(b).

## Factual Background

The two children the subject of this proceeding are N.C., a female born in August of 2002, and J.C. a female born in August of 2004. Adam and K.L.[4] are the parents of N.C. and J.C. Adam and K.L. separated in 2005, and Adam retained possession of the two children. After allegations of neglectful supervision were validated against Adam by the Texas Department of Family and Protective Services (the Department), N.C. and J.C. were removed from his home and custody was awarded to his mother, D.V.[5] At that time, Adam and K.L. were granted visitation rights.

In 2006, Adam became involved with C.J., who already had a male child, Q.W.J.[6] In July of 2007, Adam and C.J. had a daughter, S.C.[7] At that time, N.C. and J.C. were still living with D.V. By May of 2008, Adam's three biological children, N.C., J.C. and S.C., together with Q.W.J., were all residing with D.V. On May 23, 2008, while N.C. was at an appointment with her counselor, she made an allegation of abuse against C.J., which was allegedly perpetrated while the children were in the possession of Adam and C.J. The counselor and D.V. reported the alleged abuse to the Department for suspected neglectful supervision and physical abuse by C.J. against both N.C. and J.C. An investigator for Child Protective Services (CPS) was assigned to the case and interviews were conducted with the three older children and other family members.

---

[4]The mother, K.L., was appointed possessory conservator and is not appealing.

[5]The record reflects that even though D.V. had custody of two of her grandchildren, she sometimes allowed them to live with Adam rather than deal with his anger.

[6]Adam was not Q.W.J.'s natural father. Q.W.J is one of the children the subject of a companion case, No. 07-10-0075-CV, styled *In the Interest of Q.W.J. and S.C.,* decided this same date.

[7]S.C. is one of the children the subject of a companion case, No. 07-10-0075-CV, styled *In the Interest of Q.W.J. and S.C.,* decided this same date.

According to N.C., C.J. engaged in pushing her and J.C., and she would lock them out on the porch during storms as a form of punishment. Allegations were also made that C.J. shook S.C., an infant at the time, to stop her from crying. According to the investigator's testimony, N.C. had lice in her hair and was filthy and smelled. She also testified that all the children suffered from lice and all but N.C. had pinkeye.

During the interview process, the parents offered denials, excuses, and explained part of their conduct as discipline. After Adam and C.J. left the CPS office, they received a call that S.C. had been taken to the hospital. Apparently, while still at the CPS office, S.C. had become unresponsive and her eyes crossed. She was taken to the hospital with seizure-type symptoms possibly resulting from being shaken; however, tests showed no injuries. The treating physician testified that although S.C. was not underweight or emaciated, she appeared neglected and was suffering from a vaginal yeast infection and had lice and pink eye.

After its investigation, the Department decided it was in the best interest of the children to remove them from their home and place them with relatives.[8] The Department initiated legal action for termination of parental rights on May 30, 2008. Over several years, a series of family service plans were implemented with a goal of reunification. However, on February 22, 2010,[9] after a trial before the bench, the trial court signed an order terminating Adam's parental rights to N.C. and J.C.

---

[8]Placement with relatives was never fully realized. Q.W.J. and his sister S.C. were placed with a foster family, J.C. was placed with a different foster family, and N.C. was placed in a residential treatment center to address other serious issues.

[9]During oral submission of this appeal, questions were raised on the duration of the underlying case on the docket in light of section 263.401(a) and (b) which provides for mandatory dismissal if trial on the merits is not timely commenced. Dismissal is appropriate if a party files a motion to dismiss pursuant to

## Procedural Background

Pursuant to section 263.405(d) of the Texas Family Code, on March 22, 2010, the trial court held a hearing to determine whether a new trial should be granted and whether the appeal was frivolous. Tex. Fam. Code Ann. § 263.405(d) (West 2008). After a brief hearing, the trial court signed an order denying Adam a new trial and dismissing his notice of appeal from the termination order as frivolous. Adam appealed the trial court's frivolous finding and denial of a free reporter's record. By opinion dated September 29, 2010, this Court found that arguable grounds for appeal existed, reversed the trial court's frivolous finding, and ordered that a free reporter's record be provided to Adam to pursue an appeal on the merits. *See In re N.C*, No. 07-10-0087-CV, 2010 Tex. App. LEXIS 7972, at *3 (Tex.App.--Amarillo Sept. 29, 2010, no pet.) (mem. op.). After a reporter's record was provided, Adam filed his brief challenging the termination order. This second appeal is on the merits of the termination order.

## Statement of Points

Section 263.405(b)(2) of the Family Code[10] currently provides that a statement of points on which a party intends to appeal must be filed not later than the fifteenth day after a final order is signed.[11] Tex. Fam. Code Ann. § 263.405(b)(2) (West 2008).

---

section 263.402(b). Tex. Fam. Code Ann. § 263.402(b) (West 2008). No motion was filed in the underlying proceeding. Thus, this Court is unable to grant relief because a party's failure to file a motion to dismiss waives the right to object to the failure to dismiss. *See id.*

[10]All future references to "§" or "section" are to the Texas Family Code Annotated unless otherwise designated.

[11]Effective September 1, 2011, termination cases involving the Department are governed by the procedures for accelerated appeals in civil cases under the Texas Rules of Appellate Procedure. Sections 263.405(b-1), (d), (e), (f), (h), and (i) have been repealed. *See* Act of May 5, 2011, 82nd Leg., R.S., ch. 75, 2011 Tex. Sess. Law Serv. 348, 349.

Presently, an appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of points. § 263.405(i).[12] In his Statement of Points, Adam raises insufficiency of the evidence to support each of the four grounds found by the trial court for termination as well as the best interest finding. He also alleges ineffective assistance of counsel and challenges the constitutionality of sections 109.002 and 263.405 of the Texas Family Code. However, on appeal, Adam only complains of the trial court's Findings of Fact and Conclusions of Law.

Adam attacks the trial court's findings and conclusions as being nothing more than "evidentiary recitations" which are "of no value on appeal." He maintains the document is tantamount to no findings having been filed and concludes he has suffered harm as a result. We disagree.

### Findings of Fact and Conclusions of Law

If properly requested, the trial court must prepare and file findings of fact and conclusions of law. Tex. R. Civ. P. 297. A trial court's failure to make and file findings is not harmful error if "the record before the appellate court affirmatively shows that the complaining party suffered no injury." *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996) (citing *Cherne Indus. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989)). The purpose for requesting written findings of fact and conclusions of law is to narrow the bases of the termination order to only a portion of the multiple claims and defenses in the case thereby reducing the number of contentions an appellant must raise on appeal. *Larry F. Smith, Inc. v. The Weber Co., Inc.*, 110 S.W.3d 611, 614 (Tex.App.--Dallas 2003, pet.

---

[12]*But see In re J.O.A.*, 262 S.W.3d 7, 21-22 (Tex.App.--Amarillo 2008), *aff'd as modified and remanded*, 283 S.W.3d 336 (Tex. 2009) (reviewing sufficiency of the evidence claims despite counsel's failure to file a timely statement of points when a due process violation occurs).

denied). Harm may exist when the circumstances of a case require an appellant to guess the reason for the trial court's ruling, making it difficult for an appellant to properly present his case on appeal. *See In re J.I.T.P.,* 99 S.W.3d 841, 848-49 (Tex.App.-- Houston [14th Dist.] 2003, no pet.). *See also* Tex. R. App. P. 44.1(a)(2).

## Discussion

The trial court signed the termination order on February 26, 2010, and Adam timely filed his request for findings of fact and conclusions of law pursuant to Rule 296 of the Texas Rules of Civil Procedure on March 9, 2010. Although untimely,[13] the trial court signed a lengthy and detailed document entitled "Findings of Fact and Conclusions of Law" on April 1, 2010.

Adam's challenge leaves us with two avenues for review. First, assuming *arguendo*, that the document entitled "Findings of Fact and Conclusions of Law" is tantamount to no findings being filed at all, as Adam urges, he failed to file a "Notice of Past Due Findings of Fact and Conclusions of Law" as required by Rule 297 of the Texas Rules of Civil Procedure. Second, if we accept the trial court's Findings of Fact and Conclusions of Law, Adam's dissatisfaction with the contents of those findings and conclusions could have been remedied by filing a request pursuant to Rule 298 for additional or amended findings and conclusions. Adam did not avail himself of either option. Thus, he has waived the opportunity to complain on appeal about the document entitled "Findings of Fact and Conclusions of Law." *See In re J.I.T.P.,* 99 S.W.3d at 848

---

[13]Findings of fact and conclusions of law must be filed within twenty days after a timely request. Tex. R. Civ. P. 297.

6

(citing *Curtis v. Commission for Lawyer Discipline*, 20 S.W.3d 227, 232 (Tex.App.--Houston [14th Dist. 2000, no pet.)).[14]  Consequently, we overrule his sole issue.

## Conclusion

The trial court's order terminating Adam's parental rights to N.C. and J.C. is affirmed.

Patrick A. Pirtle
Justice

---

[14]When, as Adam alleges, no findings are filed, the trial court's judgment implies all findings of fact necessary to support it.  *Pharo v. Chambers County*, 922 S.W.2d 945, 948 (Tex. 1996).  When a reporter's record is filed, implied findings are not conclusive and may be challenged for legal and factual sufficiency.  *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).  However, Adam did not challenge the sufficiency of the evidence in his brief.