NO. 07-10-0087-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL E

 AUGUST 18, 2011

 ______________________________

 IN THE INTEREST OF N.C. AND J.C., CHILDREN

 _________________________________

 FROM COUNTY COURT AT LAW NO. 2 OF RANDALL COUNTY;

 NO. 6537; HONORABLE RONNIE WALKER, JUDGE

 _______________________________

Before CAMPBELL and PIRTLE, JJ., and BOYD, S.J.
 MEMORANDUM OPINION
 Appellant, Adam, appeals the trial court's order terminating his parental rights to his children, N.C. and J.C. He asserts the trial court committed reversible error in what he categorizes as a failure to make and file findings of fact and conclusions of law. We affirm. 

 Factual Background
 The two children the subject of this proceeding are N.C., a female born in August of 2002, and J.C. a female born in August of 2004. Adam and K.L. are the parents of N.C. and J.C. Adam and K.L. separated in 2005, and Adam retained possession of the two children. After allegations of neglectful supervision were validated against Adam by the Texas Department of Family and Protective Services (the Department), N.C. and J.C. were removed from his home and custody was awarded to his mother, D.V. At that time, Adam and K.L. were granted visitation rights. 
 In 2006, Adam became involved with C.J., who already had a male child, Q.W.J. In July of 2007, Adam and C.J. had a daughter, S.C. At that time, N.C. and J.C. were still living with D.V. By May of 2008, Adam's three biological children, N.C., J.C. and S.C., together with Q.W.J., were all residing with D.V. On May 23, 2008, while N.C. was at an appointment with her counselor, she made an allegation of abuse against C.J., which was allegedly perpetrated while the children were in the possession of Adam and C.J. The counselor and D.V. reported the alleged abuse to the Department for suspected neglectful supervision and physical abuse by C.J. against both N.C. and J.C. An investigator for Child Protective Services (CPS) was assigned to the case and interviews were conducted with the three older children and other family members.
 According to N.C., C.J. engaged in pushing her and J.C., and she would lock them out on the porch during storms as a form of punishment. Allegations were also made that C.J. shook S.C., an infant at the time, to stop her from crying. According to the investigator's testimony, N.C. had lice in her hair and was filthy and smelled. She also testified that all the children suffered from lice and all but N.C. had pinkeye. 
 During the interview process, the parents offered denials, excuses, and explained part of their conduct as discipline. After Adam and C.J. left the CPS office, they received a call that S.C. had been taken to the hospital. Apparently, while still at the CPS office, S.C. had become unresponsive and her eyes crossed. She was taken to the hospital with seizure-type symptoms possibly resulting from being shaken; however, tests showed no injuries. The treating physician testified that although S.C. was not underweight or emaciated, she appeared neglected and was suffering from a vaginal yeast infection and had lice and pink eye. 
After its investigation, the Department decided it was in the best interest of the children to remove them from their home and place them with relatives. The Department initiated legal action for termination of parental rights on May 30, 2008. Over several years, a series of family service plans were implemented with a goal of reunification. However, on February 22, 2010, after a trial before the bench, the trial court signed an order terminating Adam's parental rights to N.C. and J.C. 
 Procedural Background
Pursuant to section 263.405(d) of the Texas Family Code, on March 22, 2010, the trial court held a hearing to determine whether a new trial should be granted and whether the appeal was frivolous. Tex. Fam. Code Ann. § 263.405(d) (West 2008). After a brief hearing, the trial court signed an order denying Adam a new trial and dismissing his notice of appeal from the termination order as frivolous. Adam appealed the trial court's frivolous finding and denial of a free reporter's record. By opinion dated September 29, 2010, this Court found that arguable grounds for appeal existed, reversed the trial court's frivolous finding, and ordered that a free reporter's record be provided to Adam to pursue an appeal on the merits. See In re N.C, No. 07-10-0087-CV, 2010 Tex. App. LEXIS 7972, at *3 (Tex.App.--Amarillo Sept. 29, 2010, no pet.) (mem. op.). After a reporter's record was provided, Adam filed his brief challenging the termination order. This second appeal is on the merits of the termination order.
 Statement of Points
 Section 263.405(b)(2) of the Family Code currently provides that a statement of points on which a party intends to appeal must be filed not later than the fifteenth day after a final order is signed. Tex. Fam. Code Ann. § 263.405(b)(2) (West 2008). Presently, an appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of points. § 263.405(i). In his Statement of Points, Adam raises insufficiency of the evidence to support each of the four grounds found by the trial court for termination as well as the best interest finding. He also alleges ineffective assistance of counsel and challenges the constitutionality of sections 109.002 and 263.405 of the Texas Family Code. However, on appeal, Adam only complains of the trial court's Findings of Fact and Conclusions of Law.
Adam attacks the trial court's findings and conclusions as being nothing more than "evidentiary recitations" which are "of no value on appeal." He maintains the document is tantamount to no findings having been filed and concludes he has suffered harm as a result. We disagree.
 Findings of Fact and Conclusions of Law
 If properly requested, the trial court must prepare and file findings of fact and conclusions of law. Tex. R. Civ. P. 297. A trial court's failure to make and file findings is not harmful error if "the record before the appellate court affirmatively shows that the complaining party suffered no injury." Tenery v. Tenery, 932 S.W.2d 29, 30 (Tex. 1996) (citing Cherne Indus. v. Magallanes, 763 S.W.2d 768, 772 (Tex. 1989)). The purpose for requesting written findings of fact and conclusions of law is to narrow the bases of the termination order to only a portion of the multiple claims and defenses in the case thereby reducing the number of contentions an appellant must raise on appeal. Larry F. Smith, Inc. v. The Weber Co., Inc., 110 S.W.3d 611, 614 (Tex.App.--Dallas 2003, pet. denied). Harm may exist when the circumstances of a case require an appellant to guess the reason for the trial court's ruling, making it difficult for an appellant to properly present his case on appeal. See In re J.I.T.P., 99 S.W.3d 841, 848-49 (Tex.App.--Houston [14th Dist.] 2003, no pet.). See also Tex. R. App. P. 44.1(a)(2).
 Discussion
 The trial court signed the termination order on February 26, 2010, and Adam timely filed his request for findings of fact and conclusions of law pursuant to Rule 296 of the Texas Rules of Civil Procedure on March 9, 2010. Although untimely, the trial court signed a lengthy and detailed document entitled "Findings of Fact and Conclusions of Law" on April 1, 2010.
 Adam's challenge leaves us with two avenues for review. First, assuming arguendo, that the document entitled "Findings of Fact and Conclusions of Law" is tantamount to no findings being filed at all, as Adam urges, he failed to file a "Notice of Past Due Findings of Fact and Conclusions of Law" as required by Rule 297 of the Texas Rules of Civil Procedure. Second, if we accept the trial court's Findings of Fact and Conclusions of Law, Adam's dissatisfaction with the contents of those findings and conclusions could have been remedied by filing a request pursuant to Rule 298 for additional or amended findings and conclusions. Adam did not avail himself of either option. Thus, he has waived the opportunity to complain on appeal about the document entitled "Findings of Fact and Conclusions of Law." See In re J.I.T.P., 99 S.W.3d at 848 (citing Curtis v. Commission for Lawyer Discipline, 20 S.W.3d 227, 232 (Tex.App.--Houston [14th Dist. 2000, no pet.)). Consequently, we overrule his sole issue.
 Conclusion
 The trial court's order terminating Adam's parental rights to N.C. and J.C. is affirmed.
 Patrick A. Pirtle
 Justice