

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00291-CV

IN THE INTEREST OF B.B.J.

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2013-508,395, Honorable Jim Bob Darnell, Presiding

August 20, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Joshua Epps, appeals the trial court's judgment entered on April 24, 2015. On May 8, 2015, Epps filed a Request for Findings of Fact and Conclusions of Law and on June 1, 2015, he filed a request for past due findings and conclusions. The trial court has failed to file same. On August 12, 2015, Epps filed an "Unopposed Motion of Appellant to Abate Appeal and to Direct the District Court to Make Findings of Fact and Conclusions of Law." In the interest of judicial economy, we abate this

appeal and remand the cause to the trial court with instructions to make and file Findings of Fact and Conclusions of Law.[1]

Rule 296 of the Texas Rules of Civil Procedure provides that in any case tried in the district court without a jury, any party may request written findings of fact and conclusions of law within twenty days after the judgment is signed. Epps timely requested findings of fact and conclusions of law. Rule 297 provides that the trial court shall file its findings and conclusions within twenty days after a timely request is filed. The trial court's findings and conclusions were due on May 28, 2015. None were filed. Thereafter, appellant, pursuant to Rule 297, filed a "Notice of Past Due Findings of Fact and Conclusions of Law."[2] The deadline for the trial court to file its findings and conclusions was extended to forty days from the date the original request was due, *i.e.*, June 17, 2015. As stated before, the trial court has failed to file findings of fact and conclusions of law.

Upon compliance by a party with Rules 296 and 297, the trial court is required to make and file findings of fact and conclusions of law. *See Cherne Industries, Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989). The failure of a trial court to respond to all timely requests is presumed harmful unless the record shows that an appellant has suffered no injury. *Id.* As a general rule, an appellant has been harmed if he has to guess at the reason the trial court ruled against him. *See*

---

[1] As long as the same judge presides in the trial court, abatement is the preferred remedy. *See Larry F. Smith, Inc. v. The Weber Co.*, 110 S.W.3d 611, 616 (Tex. App.—Dallas 2003, pet. denied). Another option is reversal and remand. *See id.*

[2] Rule 297 provides that a notice of past due findings be filed within thirty days after the original request. In this case, that deadline was June 8, 2015.

*Larry F. Smith*, *Inc. v. The Weber Co.*, 110 S.W.3d 611, 614 (Tex. App.—Dallas 2003, pet. denied).

We now abate this appeal and remand the cause to the trial court with instructions to make and file findings of fact and conclusions of law in support of its judgment. The trial court is directed to cause its findings and conclusions to be included in a supplemental clerk's record to be filed with the Clerk of this Court no later than September 16, 2015. Appellant's brief is due no later than October 16, 2015.

It is so ordered.

Per Curiam