

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00359-CV

IN THE INTEREST OF D.B., A CHILD

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 2013-71200-431, Honorable Jonathan M. Bailey, Presiding

April 24, 2017

## ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

M.M. appeals the trial court's August 9, 2016 "Order in a Suit Affecting the Parent Child Relationship." The matter we currently address is M.M.'s request for findings of fact and conclusions of law pursuant to sections 153.258 and 154.130 of the Texas Family Code. She first requested them from the trial court at the hearing that resulted in the August 9th order. They were not issued by the trial court, however. The omission was brought to the trial court's attention in a motion to suspend the operation of the August 9th order. To date, the findings and conclusions have not been filed.

M.M. continues to pursue the omitted findings and conclusions on appeal. She deems them necessary to explain the trial court's purported deviation from the standard possession order and child support guidelines.

Section 153.258 of the Family Code states that:

> Without regard to Rules 296 through 299, in all cases in which possession of a child by a parent is contested and the possession of the child varies from the standard possession order, on written request made or filed with the court not later than 10 days after the date of the hearing or on oral request made in open court during the hearing, the court shall state in the order the specific reasons for the variance from the standard order.

TEX. FAM. CODE ANN. § 153.258 (West 2014).

In turn, § 154.130(a) of the same Code provides that:

> Without regard to Rules 296 through 299, Texas Rules of Civil Procedure, in rendering an order of child support, the court shall make the findings required by Subsection (b) if:
>
> (1) a party files a written request with the court not later than 10 days after the date of the hearing;
>
> (2)  a party makes an oral request in open court during the hearing; or
>
> (3) the amount of child support ordered by the court varies from the amount computed by applying the percentage guidelines under Section 154.125 or 154.129, as applicable.

*Id.* § 154.130(a).

Because M.M. requested the findings and conclusions in conformance with those statutes, she alleges that the circumstances at issue fall within the scope of the two statutes, and the requested findings and conclusions have not been filed or included within the trial court's August 9th order, we abate this appeal and remand the cause to the trial court. *See Aguilera v. Aguilera*, No. 04-13-00034-CV, 2014 Tex. App. LEXIS 2134, at *6 (Tex. App.—San Antonio Feb. 26, 2014, pet. denied) (mem.

op.) (abating the cause back to trial court for entry of findings pursuant to § 154.130); *see also Larry F. Smith*, *Inc. v. Weber Co.*, 110 S.W.3d 611, 614 (Tex. App.—Dallas 2003, pet. denied) (involving a request for findings of fact and stating that 1) a trial court's failure to respond to a timely request is error and is presumed harmful unless the record affirmatively shows that the complaining party has suffered no harm and 2) as a general rule, an appellant is harmed if he has to speculate at the reasons the trial court ruled against him).

On remand, the trial court is ordered to issue written findings of fact and conclusions of law in conformance with the aforementioned statutes and explaining the factual and legal basis underlying its child possession and child support directives. The trial court is also ordered to cause those findings and conclusions to be incorporated into a supplemental clerk's record and filed with the clerk of this court on or before May 24, 2017. Should it need more time to comply with these orders, the trial court may request same on or before May 24, 2017.

It is so ordered.

Per Curiam