

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00356-CV

———————————————

MALLORY YORK JR., Appellant

V.

MAKEATHA COOPER-YORK, Appellee

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-677587-20

Concurring Memorandum Opinion by Chief Justice Sudderth

## CONCURRING MEMORANDUM OPINION

I concur with the majority but write separately to address the importance of a trial court's compliance with its mandatory duty to file findings of fact and conclusions of law when the Texas Rules of Civil Procedure have been complied with by the requesting party.

When findings of fact and conclusions of law are properly requested, the trial court has a mandatory duty to file them. *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989). Because a trial court's duty to file findings and conclusions is mandatory, the failure to respond when all requests have been properly made is presumed harmful, unless—as here—the record before the appellate court affirmatively shows that the complaining party has suffered no injury. *See id.* That is, when a trial court fails to file findings of fact and conclusions of law despite the timely filing of a request and a notice of past due findings, the error is only harmless when it does not prevent the requesting party from properly presenting its case to the court of appeals or supreme court. *Graham Cent. Station, Inc. v. Peña*, 442 S.W.3d 261, 263 (Tex. 2014).

The reason that findings and conclusions are so important is that a trial court's findings of fact have the same force and dignity as a jury's answers to jury questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). Further, they narrow the bases of judgment to only a portion of the multiple claims and defenses in the case, thereby reducing the number of contentions that the appellant must raise on

appeal.  *In re D.H.*, No. 02-05-00179-CV, 2006 WL 133523, at *1 (Tex. App.—Fort Worth Jan. 19, 2006, no pet.) (per curiam) (mem. op.).  Timely requested findings of fact and conclusions of law, when they are filed by the trial court, conserve appellate judicial resources that are funded by taxpayer dollars.

When the trial court fails to make findings and conclusions upon a proper request and the facts in a case are disputed, rebutting every presumed finding on appeal can be so burdensome that it effectively prevents the appellant from properly presenting its case to the appellate court.  *Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 135 (Tex. 2017); *see Cherne Indus., Inc.*, 763 S.W.2d at 772 (stating that the trial court's failure to respond when all requests for findings and conclusions have been properly made is presumed harmful unless the record affirmatively shows that the complaining party has suffered no injury); *see also* Tex. R. App. P. 44.1(a)(2); *Larry F. Smith, Inc. v. Weber Co.*, 110 S.W.3d 611, 614 (Tex. App.—Dallas 2003, pet. denied) (explaining that appellant has been harmed if "forced to guess" why the trial court ruled against him, which is more likely in cases with multiple grounds of recovery or multiple defenses).  The participants of our judicial system—taxpayers, voters, or otherwise—deserve better.

The rules governing proper and timely requests for findings and conclusions can be confusing and trap the unwary appellant.  *See generally* Tex. R. Civ. P. 296–299a.  But when an appellant successfully navigates through the requirements of Rules 296 and 297 and complies with the Rules' requirements, that appellant deserves, in turn,

for the trial court to comply with its mandatory duty to make the findings and conclusions requested. To promote public confidence in the judiciary and preserve its integrity, judges should set the example. At minimum, they should be expected to follow the rules.

Although I concur in the result, I would first abate this appeal back to the trial court and require the trial judge to do her job.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: July 1, 2021