# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-01006-CV

### Janice Lynne Hallas, Appellant

### v.

### Christopher Hallas, Appellee

### FROM THE 433RD DISTRICT COURT OF COMAL COUNTY
### NO. C2020-0951D, THE HONORABLE CHARLES A. STEPHENS II, JUDGE PRESIDING

### O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Janice Lynn Hallas appeals from the trial court's Final Decree of Divorce. Janice[1] has moved for abatement of this appeal and for remand of the case to the trial court for it to issue its written findings of fact and conclusions of law in the suit. We requested that appellee Christopher respond to Janice's motion, but he has not responded.

On a party's requests that comply with the Rules of Civil Procedure, a trial court that has rendered judgment in a suit for dissolution of marriage and whose judgment divides the estate of the parties shall issue its written findings of fact and conclusions of law in the suit. *See* Tex. Fam. Code § 6.711(a)–(c); Tex. R. Civ. P. 296–97. When the trial court fails to do so after a

---

[1] Because the parties share a surname, we refer to them by their given names to reduce confusion.

party has complied with the Rules in requesting findings and conclusions and in notifying the court when they are past due, the trial court errs by not issuing the findings and conclusions, and the error is presumed harmful. *See Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 135 (Tex. 2017) (per curiam); *Yang Bai v. Guodong Zhang*, No. 03-24-00768-CV, 2025 WL 947897, at *1 (Tex. App.—Austin Mar. 28, 2025, no pet.) (mem. op.) (per curiam). The purpose of properly requested findings and conclusions "is to 'narrow the bases of the judgment to only a portion of [the multiple] claims and defenses, thereby reducing the number of contentions that the appellant must raise on appeal.'" *Cintas Corp. v. Gomez*, No. 03-12-00059-CV, 2014 WL 641427, at *2 (Tex. App.—Austin Feb. 14, 2014, no pet.) (mem. op.) (alteration in original) (quoting *Larry F. Smith, Inc. v. Weber Co.*, 110 S.W.3d 611, 614 (Tex. App.—Dallas 2003, pet. denied)). Because appellate courts reviewing judgments rendered after bench trials without attendant findings and conclusions "must presume the trial court made all the findings necessary to support the judgment," the trial court's failure to issue written findings and conclusions on a party's proper requests can impose on the party so heavy a burden on appeal "that it effectively 'prevent[s the appellant] from properly presenting its case to the court of appeals.'" *Ad Villarai*, 519 S.W.3d at 135 (quoting *Graham Cent. Station, Inc. v. Peña*, 442 S.W.3d 261, 263 (Tex. 2014) (per curiam)).

Here, Janice in her motion asserts that she cannot properly present her case in this appeal, including because without written findings and conclusions, she is forced to guess the reasons behind the trial court's rulings against her on many topics. She asserts that the trial court ruled against her on the following matters on which the parties adduced competing evidence: claims about characterization and value of assets, liabilities, claims, and offsets; the just-and-right division of the community estate and the factors used to reach the division that the trial court reached; her claim for attorneys' fees; a claim that she was to pay Christopher's attorneys' fees;

2

the denial of a requested hearing on her motion for clarification of an agreement relating to attorneys' fees; whether she has waived the right to appeal certain matters; awarding Christopher a disproportionate share of the community estate; awarding Christopher attorneys' fees arising out of her bankruptcy proceedings[2]; whether Christopher's fees for that proceeding were reasonable and necessary; claims for reconstituting the marital estate; whether she was entitled to a judgment for Christopher's purported "receipt of [her] portion of the retirement benefits in installment payments after April 11, 2024"; and fraud claims, waste claims, and claims of breach of fiduciary duty that she advanced.

Because according to Janice there was disputed evidence on these claims and because Christopher has not responded to Janice's motion, it is presumed that Janice is harmed by the trial court's failure to have issued written findings and conclusions. *See Yang Bai*, 2025 WL 947897, at *1; *Martinez v. Martinez*, No. 03-16-00818-CV, 2017 WL 3897309, at *1 (Tex. App.—Austin Aug. 25, 2017, no pet.) (mem. op.) (per curiam); *Henry v. Henry*, No. 03-11-00253-CV, 2013 WL 4056221, at *1 (Tex. App.—Austin Aug. 9, 2013, no pet.) (mem. op.) (per curiam); *see Horton v. Kansas City S. Ry. Co.*, 692 S.W.3d 112, 141 (Tex. 2024) (explaining that presumptions require "the court to reach a particular conclusion absent contrary evidence" and that "[w]hen a party who would otherwise bear the burden of proof demonstrates that a presumption applies, the burden shifts and requires the other party to rebut the presumption" (emphasis removed)). Written findings and conclusions are necessary for a proper presentation of this appeal.

---

[2] Janice attached to her motion for the abatement and remand the bankruptcy court's orders permitting her to initiate this appeal and to "file any documents necessary to appeal" the divorce decree at issue.

3

We therefore abate this appeal and remand the case to the trial court for it to send its written findings of fact and conclusions of law to the parties. *See* Tex. R. Civ. P. 296–97. The written findings and conclusions should be submitted to this Court in the clerk's record or in a supplemental clerk's record.

It is ordered on January 30, 2026.

Before Justices Triana, Kelly, and Ellis

Abated and Remanded

Filed: January 30, 2026