SAGEMONT PLAZA SHOPPING By and Through its Authorized Agent, Patrick O'CONNOR & ASSOCIATES, INC., Appellant,

v.

HARRIS COUNTY APPRAISAL DISTRICT, Appellee.

No. 13–99–261–CV.

Court of Appeals of Texas, Corpus Christi.

June 15, 2000.

Publication Ordered Aug. 24, 2000.

Hugh L. McKenney, Houston, for appellant.

G. Todd Stewart, James D. Robinson, Houston, for appellee.

Before Chief Justice SEERDEN, and Justices DORSEY and YAÑEZ.

## OPINION

J. BONNER DORSEY, Justice.

Sagemont Plaza Shopping by and through its authorized agent, Patrick O'Connor & Associates, Inc. (Sagemont), appeals from a take-nothing judgment for the Harris County Appraisal District (the District) in this tax-appraisal case. By five issues Sagemont challenges the legal and factual sufficiency of the evidence to support the appraised and assessed value of its property as of January 1, 1998, and it complains that the trial court erred in failing to make findings of fact and conclusions of law. We affirm.

In December, 1996, Sagemont paid $500,000 for a strip shopping center in Harris County, Texas. The District assessed taxes on the property for tax years 1997 and 1998 on the basis that the property had an appraised value of $500,000 on January 1, 1997 and on January 1, 1998. Sagemont protested these valuations to the District; however, the end result was that the appraised valuation remained at $500,000 for 1997 and 1998. Sagemont sued the District, contending both that the market value of the property as of January 1, 1997 and January 1, 1998 was below the appraised value of $500,000 and that the property was not uniformly appraised and was unequally appraised, entitling the owner to relief for the 1998 tax year pursuant to section 42.26(d) of the Texas Property Tax Code.

Section 42.26(d) provides that "The district court shall grant relief on the ground that a property is appraised unequally if the appraised value of the property exceeds the median appraised value of a reasonable number of comparable properties appropriately adjusted." Tex. Tax Code Ann. § 42.26(d) (Vernon Supp.2000).[1]

At trial Sagemont tried to prove its claim of unequal appraisal for tax year 1998 through its expert, Patrick O'Connor. He presented evidence that the median level of appraisal of a reasonable number of comparable properties after appropriate adjustments was $24.38 per foot, or translated to the size of the property at issue, an appropriate appraised value of $323,035. On cross-examination he admitted that he applied no statistical formula in his calculation of the appropriate number of sample population size for the median level appraisal determination.

The District's expert witness, Joe Hablinsky, testified that the market value of the property for 1997 and 1998 was $500,000. He based his opinion on the fact that the property was purchased in December, 1996 for $500,000.

After hearing the evidence the trial court ruled for the District, stating in open court that "the purchase price is the most reliable method for determining property value for 1997 and 1998" and "the appropriate value for 1997 is $500,000 and for 1998.

1. This statute became effective on January 1,

1998 is $500,000 based on the purchase price of the property at the time that it was purchased approximately three weeks before January 1 of 1997 . . . ."

## Sufficiency of the Evidence

By issues two through five Sagemont complains that there is no evidence or insufficient evidence to support a value of $500,000 for its property. When considering a "no evidence" or "insufficient evidence" point of error we will follow the well-established tests set forth in *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex. 1986); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965), and Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Texas L.Rev. 361 (1960).

The evidence showed that the property was purchased in December, 1996 for $500,000. The District's expert used this figure to arrive at the property valuations for 1997 and 1998. Although Sagemont's expert presented evidence that the property should have an appraised value of $323,-035, he applied no statistical formula in his calculation of the appropriate number of sample population size for the median level appraisal determination. The trial court was within its discretion to believe the District's evidence and disbelieve the testimony of Sagemont's expert. We hold that the evidence is sufficient to support the trial court's finding that the valuations of the property for 1997 and 1998 were $500,-000. The finding is not so against the great weight and preponderance of the evidence that it is clearly wrong or unjust. We overrule issues two through five.

## Findings and Conclusions

By its first issue Sagemont asserts that the trial court erred by not making findings of fact and conclusions of law. The test for determining whether a complaining party has suffered harm due to the court's failure to file findings and conclusions is whether the circumstances of the case would require the party to have to guess the reason or reasons that the trial court has ruled against it. *Humphrey v. Camelot Retirement Community*, 893 S.W.2d 55, 61 (Tex.App.—Corpus Christi 1994, no writ). In the instant case the trial court announced its ruling in open court and gave the parties the reason for its ruling. The circumstances of this case did not require Sagemont to have to guess the reason or reasons that the trial court has ruled against it. We overrule issue one.

We affirm the trial court's judgment.