

# NUMBER 13-16-00644-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN THE INTEREST OF L.L.O., A CHILD

---

### On appeal from the 357th District Court
### of Cameron County, Texas.

---

## ORDER OF ABATEMENT

### Before Justices Rodriguez, Garza and Longoria
### Order Per Curiam

Appellant, the Office of the Attorney General of Texas ("the AG"), appeals an order reducing appellee E.O.'s child support obligation to $0.00 a month.[1]   This cause is before the Court on the AG's Motion to Abate the Appeal for Findings of Fact and Conclusions of Law.

---

[1] We use initials for the parent of the minor in an effort to protect the minor's identity.

On August 30, 2016, the trial court issued its Order in Suit to Modify Child Support that reduced appellee's child support obligation. The AG filed a request for findings of fact and conclusions of law on September 9, 2016. The trial court did not respond. The AG filed a notice of past due findings and conclusions on October 4, 2016. The AG now appeals the trial court's judgment. In its motion to abate, the AG argues that given the circumstances of the case it is left to guess at the legal and factual reasons for the trial court's judgment.

When properly requested, the trial court has a mandatory duty to file findings of fact and conclusions of law. *See* TEX. R. CIV. P. 296. The failure of the trial court to file findings and conclusions after a proper request is presumed harmful unless the record affirmatively shows that the complaining party suffered no injury. *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996) (per curiam). In this context, error is harmful if it is prevents an appellant from properly presenting a case to the appellate court. TEX. R. APP. P. 44.1(a)(2); *see Tenery,* 932 S.W.2d at 30. The test for harm is whether the circumstances of the case would require the appellant to guess at the reasons for the trial court's decision. *Nicholas v. Envtl. Sys. (Int'l) Ltd.*, 499 S.W.3d 888, 894 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *Sagemont Plaza Shopping ex rel. O'Connor & Associates, Inc. v. Harris County Appraisal Dist.*, 30 S.W.3d 425, 427 (Tex. App.—Corpus Christi 2000, pet. denied).

The record reflects that the AG requested findings and conclusions within the twenty-day period allowed by rule, and filed a notice of past due findings and conclusions within thirty days of filing the original request. *See* TEX. R. CIV. P. 296, 297. On

reviewing the record, we find that the matters in question concerning the trial court's modification of appellee's child-support obligation are disputed, and the reasons for the trial court's ruling are not obvious from the record. The trial court's failure to file the requested findings of fact and conclusions of law therefore harmed the AG by preventing it from properly presenting the case to this Court. *See* TEX. R. APP. P. 44.1(a)(2). When harm results from the trial court's failure to file findings and conclusions, the proper remedy is to abate the case for the trial court to correct its error pursuant to Texas Rule of Appellate Procedure 44.4(b). *Busch v. Hudson & Keyse, LLC*, 312 S.W.3d 294, 298 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *see* TEX. R. APP. P. 44.4(b). We accordingly GRANT the AG's motion, abate this appeal, and remand it so that the trial court can prepare and file findings of fact and conclusions of law. *See* TEX. R. APP. P. 44.4(b). The trial court shall cause its findings and conclusions to be included in a supplemental clerk's record. The supplemental clerk's record shall be filed with the Clerk of this Court within twenty days of the date of this order.

It is so ORDERED.

PER CURIAM

Delivered and filed the
4th day of January, 2017.

3